IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      v.

ROBERT HOSLER,

      Defendant.

Case No.: 18-cr-00133-jdp

---

GOVERNMENT'S SENTENCING MEMORANDUM

---

I.    Introduction

On August 12, 2018, the defendant answered an ad on Palfinder[1] - "Single mom of 13yo dau looking for swap or other arrangements," saying "Saw your post, I'm interested in goods." After numerous conversations in which the defendant expressed his sexual interest in this fictional child, the defendant flew to Wisconsin to meet her. He was arrested when he arrived at the park where the meeting was to take place. Law enforcement searched the defendant's car and phone and found child pornography and presents for the fictitious child. The defendant has now been convicted of three crimes

---

[1] Palfinder is an online forum located on the "dark web" known for child sex trafficking. Since it is on the dark web, it is not a website that someone can accidently access or stumble upon. (R. 46, ¶ 6).

related to these offenses and faces a guideline range of 151-188 months. [2] The government respectfully requests a sentence of 151 months.[3]

II.     Sentencing Argument

Sentencing in Federal Courts is guided by 18 U.S.C. § 3553.  Section 3553 directs this Court to focus on who the defendant is and what the defendant did (Section 3553(a)(1)), and to address various societal goals in sentencing (Section 3553 (a) (2-7)). Notwithstanding the advisory guideline range, a sentence of 151 months is warranted in light of these factors.

    A.     Nature and Circumstances of the Offense

18 U.S.C. § 3553(a) (1) directs the Court to consider the nature and circumstances of the offense – what did the defendant do?  The defendant's actions support a guideline sentence.

As noted above, the defendant responded to an ad placed by Eau Claire Police Department Detective Wade Beardsley, offering up his fictitious 12-year-old daughter, Gracie. (Government's Trial Exhibit (GTE) A).  The defendant responded to the ad, indicating he was interested.  (GTE C).  The messages between the two show the defendant was more than interested, he was in fact eager to meet up with the child.  In his third message to Detective Beardsley, the defendant said "I can arrange travel

---

[2] The government recognizes that this Court generally declines to increase the guidelines by two levels for use of a computer.  The government believes that enhancement should apply in this case because, as described below, the defendant used his computer to seek out and communicate one-on-one with the fictitious parent, and didn't simply use his computer to search the internet and store images.

[3] Should the Court decline to increase the guidelines for use of a computer, the defendant's total offense level would be 32 and his guideline range would be 121-151 months, still encompassing the government's requested sentence.

2

arrangements." (Id.).  In his fourth message to Beardsley, he asked to see a picture of Gracie.  After Beardsley sent him a decoy picture, the defendant said "Ok, lets talk." (GTE C-002).  In his fifth message, the defendant asked "How soon could the goods arrive?" (Id.).  When Detective Beardsley mentioned a price for an hour, the defendant asked for a whole weekend.  (GTE C-004).

Beardsley tried to discourage the defendant numerous times and gave the defendant several hoops to jump through in order to see Gracie (no obese men or cheap hotels).  Each time Detective Beardsley gave him an out, the defendant expressed his continued interest in Gracie. At one point, Detective Beardsley detected some hesitation and said, "It's totally fine if you aren't into this or are having second thoughts."  In response, the defendant said "I'm committed."  (GTE D-055).

And committed he was.  The defendant was so committed, he provided Detective Beardsley with fake STD test results.  The defendant bought Gracie presents and asked Detective Beardsley to relay messages to her.

Through the course of hundreds of messages, the defendant expressed his continued interest in essentially renting a 12-year-old girl to rape her, explaining "I do want oral, vag and anal," (GTE D-012), and trying to make sure nothing was off limits. (GTE C-006).  Moreover, he asked if he could videotape the conduct.  (GTE D-038).  And depending on how the weekend went, he wanted "to make it an ongoing thing" and expressed his "need to prove myself anyway."  (GTE D-031).

The communications culminated with the defendant buying a plane ticket, boarding a plane in Texas, renting a car in Minneapolis, and driving to Eau Claire at

3

almost 100 miles an hour, where he was confronted by law enforcement. In the car, officers found presents for Gracie, cash, recording equipment, trazadone, Xanax, and various electronics. (R. 46, ¶ 20).

When asked why he was in the park, the defendant lied and told the police that he stopped to use the restroom. (Id., ¶ 21). When confronted about the items in his possession, he lied again. He first claimed he borrowed the backpack and did not know what it contained. (Id.). He claimed the underwear belonged to his girlfriend. (Id.).

Officers examined the electronics and found 86 pictures and 231 videos on the defendant's phone. At least five of the videos were determined to be child pornography, while in others the age of the females was unclear. The five videos that were clearly child pornography depicted prepubescent girls, some masturbating, and one depicted an adult male grabbing the back of a prepubescent girl's neck and putting his erect penis into her mouth. (R. 46, ¶ 27).

The defendant's conduct was extremely serious. While the victim in this case was fictitious, the defendant did not know that when he expressed his desire to rape her repeatedly. This conduct warrants a guideline sentence.

   B.  History and Characteristics of the Defendant

While there was some conflict with his biological father, the defendant had an "average" childhood. He got good grades and was consistently employed. However, as this Court is aware, many child sexual offenders come before this Court with spotless records and good work histories before they were discovered to have been involved in these types of offenses.

C.   The Need for the Sentence to Reflect the Seriousness of the Offense,
to Promote Respect for the Law, and to Provide Just Punishment

Section 3553 directs the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in the subsection." Included in those factors are the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, and to protect the public from further crimes of the defendant.

The seriousness of this offense is difficult to overstate.  The defendant traveled from Texas to sexually assault a young girl.  And he expressed a desire to film himself doing it.  While Gracie was not real, the results would have been horrific if she were. People with an interest in children are members of a community of deviant individuals who revel in watching the sexual abuse of young and vulnerable children.  The defendant is beyond that based on his desire and intent expressed in the communications with Detective Beardsley to go beyond just watching sexual abuse and committing it himself.

Even his possession of child pornography videos is serious.  The fact that the children suffer the sexual abuse in the first place is a horrible reality, but add to that the continued exploitation of such children by persons like the defendant who possess it and watch it for their own pleasure and it becomes a never-ending tragedy.

D.   The Need to Afford Adequate Deterrence to Criminal Conduct and
Protect the Public from Further Crimes of the Defendant

The sentence in this case should constitute a loud message to other offenders that serious consequences will result for such callous disregard of minor victims.  The

5

defendant's actions in this case show that he may well pose a future danger to young girls in the future. Keeping the defendant in custody for a very long time will help keep those girls safe.

III. <u>CONCLUSION</u>

For the reasons above, the government respectfully believes that a sentence of 151 months, followed by a lengthy term of supervised release, is warranted in this case.

Dated: <u>September 11, 2019</u>

Respectfully submitted,

SCOTT C. BLADER
United States Attorney

By: <u>      /s/                              </u>
ELIZABETH ALTMAN
Assistant United States Attorney

<u>      /s/                              </u>
DIANE SCHLIPPER
Assistant United States Attorney